**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAJINDER SINGH,<br><br>    Petitioner,<br><br> v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 07-71753<br><br>Agency No. A095-600-248<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:  ALARCÓN, LEAVY, and GRABER, Circuit Judges.

  Rajinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT"). We have

---

  [*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we deny the petition for review.

Even if he had timely filed his asylum application, substantial evidence supports the agency's adverse credibility determination because Singh omitted from his asylum application that police electrocuted him during his first arrest, *see Husyev v. Mukasey*, 528 F.3d 1172, 1181-83 (9th Cir. 2008), and did not mention the electrocution or the use of a roller on his legs at his asylum interview, but instead testified that he was held in solitary confinement and deprived of food and water, *see Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004) (omissions and inconsistencies that go to the heart of petitioner's claim support an adverse credibility finding). Singh also failed to provide reasonable explanations for the inconsistencies and omissions. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (adverse credibility finding supported where hearing revealed numerous instances in which petitioner attempted to explain inconsistencies and IJ found explanations insufficient). Further, because the agency had reason to question Singh's credibility, his failure to provide corroborating evidence undermines his claim. *See Sidhu v. INS*, 220 F.3d 1085, 1090-92 (9th Cir. 2000). In the absence of credible testimony, Singh failed to establish that he is eligible for asylum and

withholding of removal.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, because Singh's CAT claim is based on the same evidence the agency found not credible, and he points to no other evidence showing it is more likely than not he would be tortured if returned to India, his CAT claim fails.  *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**